IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL FLOURNOY, #44862-424,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-00010-JPG |
| ) | |
| **D. SPROUL,** ) | |
| **C. DAVIS,** ) | |
| **J. LECLAIR,** ) | |
| **J. BROOKS,** ) | |
| **S. HENDRICKSEN,** ) | |
| **K. MITCHELL,** ) | |
| **M. DAUN,** ) | |
| **MR. LANCE,** ) | |
| **S. HOLMES,** ) | |
| **HUCKELBERRY,** ) | |
| **M. SCHNEDER,** ) | |
| **J. JARRETT,** ) | |
| **J. POLLEY,** ) | |
| **D. LENON,** ) | |
| **AW SOSA,** ) | |
| **B. MEIGS,** ) | |
| **BRANDON HARRIS,** ) | |
| **BYRAM,** ) | |
| **A. MOULTON,** ) | |
| **J. HUGES,** ) | |
| **MS. WEBB,** ) | |
| **and K. SMILEY,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Now before the Court is the Second Amended Complaint (Doc. 23) filed by Plaintiff Michael Flournoy, an inmate who is in the custody of the Federal Bureau of Prisons (FBOP) and currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky (FCI-Manchester). In stream-of-conscience fashion, Plaintiff sets forth miscellaneous claims for money

1

damages against nearly two dozen federal agents in the FBOP and at the United States Penitentiary in Marion, Illinois (USP-Marion), pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

The Second Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Before the Court screens the Complaint, however, it must first determinate whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## Second Amended Complaint

The Second Amended Complaint contains a litany of complaints against twenty-two FBOP and USP-Marion officials for misconduct that occurred at USP-Marion between July 15, 2021 and March 1, 2022. (Doc. 23). Plaintiff cites a retaliatory transfer, interference with his legal mail, denial of phone access, denial of medical care,[1] denial of a religious diet, issuance of a false disciplinary ticket, unlawful placement in the special housing unit, unconstitutional living conditions, and denial of access to personal property, among other things. (*Id*.). He loosely ties these claims together by characterizing them as retaliation for filing a lawsuit against staff at a prior institution. (*Id*.).

---

[1] He was allegedly denied medical treatment for several conditions, including chronic eye allergies, open skin sores, chest pains, and thyroid malfunction, among others. He also requested and was denied medical shoes and an EKG for unspecified medical issues. (*Id*. at 9).

2

The Second Amended Complaint is actually the fourth complaint submitted by Plaintiff in the first forty days after this case was opened, and it supersedes and replaces all three prior versions. (*See* Docs. 1, 14, 17, 22, and 23). Even so, Plaintiff acknowledges that "[t]he complaint does not contain all of the dates/times of events, or supporting documents because Defendants have restricted Plaintiff's access to his personal property and/or copies thereof by placing him in [the] Special Housing Unit under Segregation status." (Doc. 23, p. 6). For this reason, Plaintiff "intends to amend this complaint" again. (*Id.*).

## Discussion

The Second Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to set forth "a short and plain statement of Plaintiff's claim(s) showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The rule calls for simple, concise, and direct allegations, not a long timeline of events akin to diary entries that lack focus and often fail to mention the defendants in connection with acts of misconduct. FED. R. CIV. P. 8(d)(1). The allegations must instead "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In a *Bivens* action, this requires a plaintiff to state what each individual federal official did, or failed to do, to violate Plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Vicarious liability is inapplicable under *Bivens*, so the plaintiff "must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." *Id*. at p. 676 (emphasis added).

Plaintiff's Complaint is not simple, clear, or concise. He relies on the Court to piece together his claims against each defendant. Given Plaintiff's pleading style, the Court cannot begin to do so. Plaintiff must decide which claims he will bring against each defendant.

The Second Amended Complaint also violates the rules of joinder. *See* FED. R. CIV. P. 18-21. Plaintiff combines all of his complaints about his incarceration at USP-Marion into a single document. However, his claims involve different defendants, arise from separate transactions or occurrences, share few common questions of fact, and focus on different legal theories. Under the circumstances, the claims cannot proceed together in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Plaintiff must only bring related claims against a single group of defendants in this action, and he must file one or more separate suits to pursue his unrelated claims against other defendants.

Because Plaintiff has used a stream-of conscience pleading style, the Court cannot discern what core claims Plaintiff intends to bring in this action. The Court is unable to determine where one set of claims against a group of defendants ends and another set of claims against different defendants begins. Accordingly, the Court cannot decide how these claims should be divided into separate suits. Plaintiff must make another attempt to do so.

The Second Amended Complaint shall be dismissed without prejudice. Plaintiff shall have another opportunity to replead his claims in this action, by filing a Third Amended Complaint. If he chooses to do so, Plaintiff must bring only related claims against one or more defendants. If he joins unrelated claims and defendants, the Court will sever them into one or more additional lawsuits and assess a filing fee for each new case. Plaintiff is also warned that failure to comply

with the deadline and instructions for filing a Third Amended Complaint may result in dismissal of this action for failure to comply with a court order. *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS ORDERED** that the Second Amended Complaint (Doc. 23) is **DISMISSED** without prejudice for violation of Federal Rule of Civil Procedure 8. Plaintiff is **GRANTED** leave to file a "Third Amended Complaint" on or before **July 5, 2022**. Should Plaintiff fail to file a Third Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal may also count as a "strike" under 28 U.S.C. § 1915(g).

The Clerk's Office is **DIRECTED** to provide Plaintiff with this Court's standard civil rights complaint form for use in preparing a Third Amended Complaint. If he does choose to proceed with this action, it is strongly recommended that Plaintiff use this civil rights complaint form. He should label the form "Third Amended Complaint" and list the case number for this action (No. 22-cv-00010-JPG) on the first page.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Third Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Third Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Third Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*,

133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/2/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
