IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL FLOURNOY, #44862-424, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-00010-JPG |
| ) | |
| D. SPROUL, C. DAVIS, J. LECLAIR, ) | |
| J. BROOKS, S. HENDRICKSEN, ) | |
| K. MITCHELL, M. DAUN, MR. LANCE, ) | |
| S. HOLMES, HUCKELBERRY, ) | |
| M. SCHNEDER, J. JARRETT, ) | |
| J. POLLEY, D. LENON, AW SOSA, ) | |
| B. MEIGS, BRANDON HARRIS, ) | |
| BYRAM, A. MOULTON, J. HUGES, ) | |
| MS. WEBB, and K. SMILEY, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Now before the Court for preliminary review is the Amended Complaint[1] (Doc. 26) filed by Plaintiff Michael Flournoy. He brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for violations of his constitutional rights by persons acting under color of federal authority at the United States Penitentiary in Marion, Illinois – Satellite Camp (USP-Marion's Federal Camp). (Doc. 26, pp. 1-18). Plaintiff alleges that the defendants responded to his request for a religious diet by punishing him with placement in the Special Housing Unit (SHU) and retaliating against him while he was there, in violation of his rights under the First and Fifth Amendments. (*See* Docs. 26, 26-1, 26-2). He seeks money damages. (Doc. 26, p. 19).

---

[1] Plaintiff refers to this document as his "Second Amended Complaint." (Doc. 26). This version of the complaint is actually the fifth version he has filed to date. (*See* Docs. 1, 14, 17, 22, 23, and 26). To reduce confusion, the Court will simply refer to Doc. 26 as the "Amended Complaint."

1

The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **Amended Complaint**

In the Amended Complaint, Plaintiff alleges that he is a practicing Muslim, whose request for a religious diet at USP-Marion on December 14, 2021, sparked a campaign of retaliation against him by twenty-two defendants. (Doc. 26, pp. 1-18). Instead of receiving a religious diet, he was punished with 93 days in the SHU at USP-Marion's Federal Camp. (*Id.*). He received no disciplinary ticket, no hearing, and no due process protections. (*Id.*). When he filed complaints and grievances about the matter, Plaintiff was targeted for retaliation by nearly two dozen officials. (*See* Docs. 26, 26-1, 26-2).

Based on the allegations, the Court designates three counts in the Amended Complaint:

**Count 1:** First Amendment claim against Defendants for interfering with Plaintiff's religious exercise by denying him a religious diet at USP-Marion on or around December 14, 2021.

**Count 2:** First Amendment claim against Defendants for responding to Plaintiff's complaints and grievances about the denial of a religious diet by retaliating against him beginning December 15, 2021.

**Count 3:** Fifth Amendment claim against Defendants for punishing Plaintiff with 93 days in the SHU without a disciplinary ticket, disciplinary hearing, or due process beginning December 15, 2021.

**Any other claim that is mentioned in the Amended Complaint and not addressed herein is considered dismissed without prejudice as inadequately pled under** *Twombly*.[2]

### Discussion

Plaintiff brings all three claims pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which provides an implied damages remedy for certain constitutional deprivations caused by persons acting under color of federal authority.  However, this remedy is limited.  The United States Supreme Court has recognized it in only three contexts in the past five decades: (1) a Fourth Amendment claim involving unlawful searches and seizures in *Bivens*, 403 U.S. 388 (1971); (2) a Fifth Amendment due process claim involving gender discrimination in *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim for inadequate medical treatment in *Carlson v. Green*, 446 U.S. 14 (1980).  *See Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854-55 (2017).  These three cases—*Bivens, Passman,* and *Carlson*—represent the "only instances in which the Court has approved of an implied damages remedy under the Constitution." *Id*. at 1855.

The Supreme Court has since declined to extend the *Bivens* remedy into any new context and emphasized that further expansion of *Bivens* is a strongly disfavored judicial activity.  *Id*.  In the wake of *Abbasi*, a two-part test has emerged to determine whether a *Bivens*-type damages remedy exists outside of the three limited contexts cited above.  First, a court must ask whether the claim represents an extension of the previously recognized claims and thus presents a new

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

context.³  *Id*. at 1857-58.  If so, the court must then determine whether special factors⁴ counsel hesitation in granting the extension absent affirmative action by Congress.  *Id*.  As discussed below, Counts 1, 2, and 3 all present new contexts, and special factors preclude expansion of *Bivens* into these new realms.

**Count 1**

The Supreme Court has not recognized a *Bivens* remedy for First Amendment claims.  *See Wood v. Moss*, 572 U.S. 744, 757 (2014) (noting that the Supreme Court has not recognized an implied damages remedy under First Amendment); *Reichle v. Howards*, 566 U.S. 658, n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims.").  Plaintiff's First Amendment free exercise claim is also meaningfully different from the three claims previously recognized by the Supreme Court in *Bivens*, *Passman*, and *Carlson*.  Count 1 thus presents a new *Bivens* context.

Therefore, the Court must determine whether special factors weigh against inferring a *Bivens* damages remedy here.  This inquiry focuses on "whether the Judiciary is well-suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed."  *Abbasi*, 137 S.Ct. at 1857-58.  It involves consideration of alternative remedies that are available to Plaintiff, and these alternative remedies, "alone[,] may limit the

---

³ The Supreme Court identified the following meaningful differences that might signal a new context: the constitutional right at issue, rank of the officers involved, the generality or specificity of the official action, extent of judicial guidance about how an officer should respond to a given problem or emergency, the statutory or other legal mandate under which the officer was operating, risk of disruptive intrusion by the Judiciary into the functioning of other branches, or presence of potential special factors not contemplated in prior *Bivens* cases.  *Abbasi*, 137 S.Ct. at 1858.

⁴ Special factors include, but are not limited to, the impact on government operations systemwide, burdens on government employees who are sued personally, projected costs and consequences to the government, whether Congress has designed its regulatory authority in a guarded way, the existence of an alternative remedial structure, or some other aspect of a case that causes the court to pause before acting without congressional authority.  *Abbasi*, 137 S.Ct. at 1858.  This analysis is also driven by separation-of-powers principles.  *Id*. (citing *Bush v. Lucas*, 462 U.S. 367, 380 (1983)).

power of the Judiciary to infer a new *Bivens* cause of action." *Id*.  Here, the Court finds that the Federal Bureau of Prisons' (FBOP) administrative remedies program and federal legislation (*e.g.,* Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb *et seq*.) provide two alternative avenues to relief for this plaintiff, who could have relied on either or both to address his complaints at the institutional level and/or in court.  See *Tanzin v. Tanvir*, 141 S.Ct. 486, 489 (2020); *Holt v. Hobbs*, 135 S.Ct. 853, 859-60 (2015); *Korte v. Sebelius*, 528 F. App'x 583, 588 (7th Cir. 2012) ("RFRA protects the same religious liberty protected by the First Amendment, and it does so under a more rigorous standard of judicial scrutiny.").  The scope of these protections and the availability of this relief are two significant factors that counsel hesitation in expanding the *Bivens* remedy into the First Amendment religious context.  Accordingly, Count 1 shall be dismissed with prejudice.

**Count 2**

The First Amendment retaliation claim meets the same fate.  The Supreme Court recently held that there is no *Bivens* action for a federal official's retaliation for exercising a First Amendment right.  *Egbert v. Boule*, -- U.S. --, 142 S.Ct. 1793 (2022).  Courts of Appeals have reached the same conclusion in this, and other, First Amendment contexts.  *See, e.g., Smadi v. True, et al.*, 783 F. App'x 633 (7th Cir. 2019) (citing *Effex Capital, LLC v. National Futures Association*, 933 F.3d 882, 885 (7th Cir. 2019); *Doe v. Meron*, 929 F.3d 153, 167-70 (4th Cir. 2019); *Cantu v. Moody*, 933 F.3d 414, 421-24 (5th Cir. 2019); *Farah v. Weyker*, 926 F.3d 492, 498-500 (8th Cir. 2019); *Vega v. United States*, 881 F.3d 1146 (9th Cir. 2018)).  "Nationwide, district courts seem to be in agreement that, post-*Abbasi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment."  *Harris v. Dunbar*, Case No. 17-cv-536-WTL, 2018 WL 3574736, at *3 (S.D. Ind. July 25, 2018).

A First Amendment retaliation claim is meaningfully different from *Bivens* (Fourth Amendment unlawful search and seizure claim), *Passman* (Fifth Amendment gender

5

discrimination claim), and *Carlson* (Eighth Amendment medical deliberate indifference claim) because it involves a different constitutional right (*i.e.* First Amendment), entails a different legal mandate (*i.e.*, freedom of speech), and is lodged against defendants with varying ranks and roles in the prison (*i.e.*, 22 FBOP officials). Like the claim before it, Count 2 presents a new *Bivens* context.

Special factors do not urge expansion of *Bivens* into this new context. For one thing, this plaintiff has other avenues to relief. He may seek redress of his grievances through the prison's administrative remedies program. This alternative remedy need not match the scope of relief available under *Bivens*.

Moreover, Congress is better suited to fashion a remedy for a retaliation claim, as the Supreme Court recently explained:

> Recognizing any new *Bivens* action 'entail[s] substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.' *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (internal quotation marks omitted). Extending *Bivens* to the alleged First Amendment violations would pose an acute risk of increasing such costs. A plaintiff can turn practically any adverse action into grounds for a retaliation claim. And, '[b]ecause an official's state of mind is easy to allege and hard to disprove, insubstantial claims that turn on [retaliatory] intent may be less amenable to summary disposition.' *Crawford-El v. Britton*, 523 U.S. 574, 584-85 (1998). Even a frivolous retaliation claim 'threaten[s] to set off broad-ranging discovery in which there is often no clear end to the relevant evidence.' *Nieves v. Bartlett*, 587 U.S. -- (2019) (internal quotation marks omitted).

*Egbert*, 142 S.Ct. at 1807. Federal agents faced with the threat of personal liability would be deterred from carrying out their official duties, if the *Bivens* remedy extended into the First Amendment contexts presented here. *Id*. For these reasons, the Supreme Court concluded that Congress is in a better position than the courts to decide whether to impose a damages remedy against individual agents for First Amendment deprivations. *Id*. Count 2 shall also be dismissed with prejudice.

## Count 3

Plaintiff's Fifth Amendment due process claim is not cognizable under *Bivens*. The Supreme Court already reached this conclusion in *Abbasi*, 137 S.Ct. at 1858-64. The Seventh Circuit has since declined to recognize a *Bivens* action premised on due process violations where the inmate had access to alternative remedies under the FBOP's administrative remedies program, such as here. *See Smadi v. True*, 783 F. App'x 633 (7th Cir. 2019) (dismissing inmate's due process challenge to placement in restricted housing as indistinguishable from the due process challenge at issue in *Abbasi)*; *Goree v. Serio*, 735 F. App'x 894 (7th Cir. 2018). Other Courts of Appeals have reached the same conclusion. *Vega v. United States*, 881 F.3d 1146 (9th Circ. 2018) (declining to recognize *Bivens* remedy for due process violation). Consistent with precedent, this Court declines to expand *Bivens* into this new context, in light of the administrative remedies process available to Plaintiff. Count 3 shall also be dismissed with prejudice.

## Disposition

**IT IS ORDERED** that the Amended Complaint (Docs. 26, 26-1, and 26-2), including **COUNTS 1, 2,** and **3**, is **DISMISSED** with prejudice against **ALL DEFENDANTS** for failure to state a claim for relief. Plaintiff is **ADVISED** that the dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred when the action was filed, thus the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

IT IS SO ORDERED.

DATED: 1/27/2023

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**